[Civil No. 3271.   Filed June 20, 1933.]

[23 Pac. (2d) 113.]

WHITE HOUSE DRY GOODS COMPANY, a Corporation, Appellant, v. HARRY KLIBAN and LILLIAN KLIBAN, His Wife, Appellees.

Messrs. Hayes, Stanford, Walton, Allee & Williams, for Appellant.

Mr. John W. Mayes, for Appellees.

ROSS, C. J. — This is an action commenced by Harry Kliban and Lillian Kliban, his wife against the White House Dry Goods Company for salary of the wife as clerk in defendant's store, at $75 per month, from November 5, 1928, to May 5, 1930. The defendant's answer denied that it ever employed Lillian Kliban; that she ever performed any service or labor for it as a clerk or otherwise in its store; or that it owed or was indebted to plaintiff in any sum whatsoever. The court heard the evidence and gave judgment to plaintiffs for the sum of $1,106.25, and the defendant appeals upon the ground of the insufficiency of the evidence to support the judgment and upon the ground that the judgment is contrary to law.

It will be noticed that the assignments raise questions of fact the decision of which we ordinarily do not disturb if supported by any substantial evidence. We have read the evidence and, although it is not as satisfactory as it might be, we think, if believed, it is sufficient to support a finding that plaintiff Lillian Kliban was employed during the time alleged in her

complaint at a salary of $75 per month and that she labored and worked in defendant's store as a clerk all this time except three months and one week, and that she had not been paid anything on account. The evidence tending to show these facts is strongly controverted by both the circumstances and the testimony of defendant's witnesses, and the decision as to which was right must have been a very perplexing one for the trial judge. He had the advantage, however, of seeing and hearing the witnesses and we feel constrained to accept his conclusion. Defendant contends notwithstanding that plaintiffs were not entitled to judgment for the following reasons: The plaintiff Lillian was employed as a clerk in defendant's store by her coplaintiff, who at the time was a director and secretary-treasurer of the defendant, and also general manager of its store at Ajo, Arizona, where she worked; that she was his cousin and came to Ajo from New York upon his solicitation; that some five months after she commenced to work for defendant she and her coplaintiff were intermarried and were husband and wife during the rest of the time she worked for defendant. It is argued from this premise that Harry Kliban's relation to the defendant was one of trust and confidence and that in employing his cousin, afterwards his wife, whose salary belonged to the community, he abused and misused the confidence reposed in him by the defendant, to his advantage and gain and to the disadvantage and injury of defendant. If, however, Lillian's services were needed by defendant, we cannot see wherein her employment instead of someone else was to the disadvantage and injury of defendant. We hardly think the rule that forbids a director, officer, or agent from dealing or contracting on behalf of the corporation with himself as an individual should be extended to cover the employment of servants and clerks by the general manager, even though he may

have some interest in their wages. At all events, this is not an executory contract. It has been fully performed on the part of Lillian and there remains nothing to be done except the payment to her of the salary agreed upon.

For another reason, it was urged upon us in the oral argument of defendant that the judgment is contrary to the law and the evidence. On September 20th or 21st, 1930, the president of the defendant, Hyman U. Gold, who with his wife owned two-thirds of the defendant's capital stock, and plaintiff Harry Kliban, owner of one-third of the capital stock, got together and agreed to divide the stock of merchandise among themselves in the proportions of their capital stock; and, in accordance therewith, Kliban was given one-third of the merchandise, Gold and his wife retaining the other two-thirds and the corporation's franchise. At the time of such settlement, according to Kliban, the matter of Lillian Kliban's salary was mentioned and considered. Kliban said upon his direct examination:

"I asked him (Gold) about the salary for Mrs. Kliban and what we will do with outstanding bills, and he said there was nothing to do about straightening it out"—

and on cross-examination:

"Q. In November (September), 1930, when you and Mr. Gold agreed to divide your stock and go your separate ways, is it not a fact that you told Mr. Gold at that time you had no more claims against the company? A. Not any personal claims, no.

"Q. Did you say anything at that time about Mrs. Kliban's claim? A. Yes, sir.

"Q. What was said about that? A. He said he would take care of all obligations of the corporation himself in the future."

Gold testified that he asked Kliban if he, Kliban, had any claims whatever against him after the settlement and Kliban answered that he did not, but said:

"Mr. Gold, your name is Gold and your word is gold. I have no complaint. . . . No claims whatever. . . . "

From this testimony it does not appear that the status of the debt was in any way changed. It does not show a promise on the part of Gold to pay Lillian Kliban. Kliban himself testified that Gold said in effect that he would take care of future obligations. This, of course, did not include past obligations. The debt was that of the corporation and its payment would *pro tanto* reduce the corporation's assets. It was a charge against defendant's whole capital stock —that owned by Kliban as well as that owned by the Golds. It would seem, therefore, that in equity and fairness one-third of it should be charged against Kliban's one-third of the assets, and only two-thirds of it against the Golds' interest in the corporation. We think the judgment should be reduced one-third.

The judgment is reversed and the cause remanded, with directions that judgment be entered in favor of plaintiffs for $737.50, or two-thirds of plaintiff Lillian's salary; with costs of this appeal to the defendant.

LOCKWOOD and McALISTER, JJ., concur.